IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY, LLC, a Florida entity; MSPA CLAIMS 1, LLC, a Florida entity, | * * * | |
| Plaintiffs, | * | Civil Action No.: 8:17-cv-00964-PWG |
| vs. | * * | Class Action Complaint |
| Government Employees Insurance Company (GEICO), a Maryland Company, and its affiliates, | * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLASS ALLEGATIONS

Defendant, Government Employees Insurance Company, (hereafter "GEICO")[1], by and through its undersigned attorneys, and pursuant to Rules 12(b)(1), 12(b)(6) and 23 of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiffs' First Amended Complaint and Class Allegations and states as follows:

---

[1] Despite styling the case caption of the Complaint as "Government Employees Insurance Company (GEICO) a Maryland company, *and its affiliates*," on March 22, 2017, Plaintiffs served Defendant Government Employment Insurance Company with a summons directed to "Government Employees Insurance Company (GEICO)." No other defendant was identified in the caption or summons. As discussed more fully in the appended Memorandum of Law in Support of its Motion to Dismiss, this motion is filed on behalf of only Defendant Government Employees Insurance Company, the lone defendant properly named in the complaint, summoned, or served in this matter pursuant to Rule 4.

1

1. On April 6, 2017, Plaintiffs, on behalf of themselves and putative class members, filed a Class Action Complaint asserting a private cause of action under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act. (42 U.S.C. §1395y *et seq.*). Plaintiffs' complaint was one of a number of virtually identical complaints filed in federal courts throughout the country.

2. On June 16, 2017, GEICO filed a motion to dismiss Plaintiffs' complaint and class allegations. On June 30, 2017, Plaintiffs filed a First Amended Complaint ("amended complaint").

3. Plaintiffs allege that "[n]umerous Medicare beneficiaries ("Medicare Beneficiaries") were enrolled in Medicare Advantage plans administered by MAOs. Such MAOs have assigned their recovery rights to Plaintiffs." Am. Compl. ¶47. These unidentified Medicare Beneficiaries purportedly "suffered injuries in the United States where-in Plaintiffs and putative Class Members paid for medical services, treatment, drugs and/or supplies." *Id.* Plaintiffs further allege that the "Medicare Beneficiaries entered into settlement agreements with Defendant for injuries that Defendant had primary responsibility to pay." *Id.* ¶48. According to Plaintiffs, "[t]hese settlements demonstrated Defendant's responsibility to reimburse Plaintiffs and the putative Class Members under the Medicare Act." *Id.* Plaintiffs seek reimbursement "for the payments made by the MAOs that were required to be paid by Defendant as a result of the Medicare Beneficiaries' injuries." *Id.*

4. Plaintiffs' amended complaint should be dismissed pursuant to Rule 12(b)(1) because, on its face, it fails to allege an Article III case or controversy thus depriving the Court of subject matter jurisdiction.

5.      Plaintiffs' amended complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief can be granted. The amended complaint sets forth and rests upon legal conclusions, not facts, and therefore fails to meet the pleadings requirements.

6.      Plaintiffs' class allegations should be dismissed because Plaintiffs fail to allege facts to support the class action criteria of Rule 23(a) and (b)(3). Moreover, Plaintiffs' class definition is overly broad and does not necessarily include any class members entitled to relief from GEICO.

7.      Plaintiffs' class allegations require dismissal because the class action criteria under Rule 23(b)(3) can never be met as a matter of law. Individual questions invariably predominate over any common questions of law, and Plaintiffs can never satisfy the superiority and manageability requirements of Rule 23(b)(3).

8.      Plaintiffs cannot maintain a class action under Rule 23(b)(2) because the relief they seek is primarily monetary. Moreover, Plaintiffs cannot maintain a class action under Rule 23(c)(4) as none of the issues could be decided on a class wide basis.

9.      In further support of this Motion, GEICO incorporates by reference the accompanying Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint and Class Allegations.

WHEREFORE, for the reasons set forth in this Motion and the accompanying Memorandum of Law, Defendant Government Employees Insurance Company, respectfully requests that Plaintiffs' First Amended Complaint and Class Allegations be dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/  George M. Church* | */s/ Peter D. Weinstein* |
| George M. Church (Fed. Bar No. 00133) | Peter D. Weinstein (Fed. Bar No. 913502) |
| Laura A. Cellucci (Fed. Bar No. 25119) | COLE, SCOTT & KISSANE, P.A. |
| Joshua F. Kahn (Fed. Bar. No. 18238) | Lakeside Office Center, Suite 500 |
| MILES & STOCKBRIDGE P.C. | 600 N. Pine Island Road |
| 100 Light Street | Plantation, Fla.  33324 |
| Baltimore, Maryland 21202 | Tel: (954) 343-3951 |
| Tel: (410) 727-6464 | peter.weinstein@csklegal.com |
| gchurch@milesstockbridge.com | Admitted *Pro Hac Vice* |
| lcellucci@milesstockbridge.com | |
| jkahn@milesstockridge.com | |

*Attorneys for Defendant*
*Government Employees Insurance Company*