# Exhibit 2



# "APPLICABLE PLAN" APPEALS



*Appealing a Medicare Secondary Payer Recovery Claim where Medicare pursues recovery from insurers or workers' compensation entities.*

**Presented by:**
**The Division of Medicare Secondary Payer Program Operations**
**May 5, 2015**

# What is an "applicable plan"? Medicare as a Secondary Payer

## "Applicable plan" means

- **liability insurance (including self-insurance),**
- **no-fault insurance, or**
- **a workers' compensation law or plan.**

*See 42 USC 1395y(b)(8) and 42 CFR 405.902.*

2

# I'm an Applicable Plan. What am I appealing?

**Medicare pays secondary to applicable plans.**

- **Medicare pursues recovery where Medicare has made conditional payment; and there is an insurance or workers' compensation settlement, judgment, award or other payment.**

- **When Medicare persues recovery from an applicable plan in a recovery demand letter issued on or after April 28, 2015, the applicable plan will be able to appeal Medicare's recovery claim.**

3

# Steps in the appeals process

1. "Initial determination"
2. "Redetermination" by the contractor issuing the demand letter
3. "Reconsideration" by a CMS QIC (Qualified Independent Contractor)
4. "Hearing" by an Administrative Law Judge (ALJ)
5. "Review" by the Departmental Appeals Board's Medicare Appeals Council (DAB MAC)
6. Judicial review

4

# "Initial Determination"

- A recovery demand letter issued to an applicable plan as the identified debtor <u>prior</u> to April 28, 2015 is <u>not</u> an "initial determination" and has no formal appeal rights.

  *The contractor that issues the demand letter will address any concerns.*

- A recovery demand letter issued to an applicable plan as the identified debtor <u>on or after</u> April 28, 2015 <u>is</u> an "initial determination".  Appeal rights exist.

    *See 80 FR 10611 CMS-6055-F and the new 42 CFR 405.924(b)(16).*

5

# "Initial Determination" (continued)

- Where the applicable plan is not the identified debtor, receipt of a courtesy copy (cc) does not give the applicable plan party status or the ability to appeal.

- The demand letter will provide information and instructions for requesting an appeal – deadline, address, etc.
    - Appeal request must be in writing, explain what is being appealed and include any new evidence. Deadline is 120 days from receipt of the demand letter. Demand is presumed to be received within 5 days of the date on the demand, absent proof to the contrary.
    - The decision issued at each level of appeal provides information regarding further appeal.

6

# Recovery Process

- Where there is a settlement, judgment, award or other payment, CMS may recover from the primary payer, the beneficiary, or any other entity receiving payments from the primary payer.
  - In general, where the primary payer has ongoing responsibility for medicals (ORM), CMS pursues recovery from the primary payer.
    - For ORM, there may be multiple recoveries to account for the period of ORM.
  - In general, where there is Total Payment Obligation to the Claimant (TPOC) settlement, judgment, award or other payment, CMS pursues recovery from the beneficiary.
  - In some cases, there may be a combination: a recovery related to the ORM from the primary payer *and* recovery from the beneficiary's TPOC.

7

# Who is a party to the appeal?

- Who is a party to the appeal?
  - Only the applicable plan.

    *See 42 CFR 405.906.*

  - The beneficiary will receive a notice that the applicable plan has filed an appeal, but the beneficiary is not a party and does not participate in the appeal.

    *See 42 CFR 405.947 as well as 405.906.*

8

# What is subject to appeal?

- **What is subject to appeal?**
  - **The existence of the debt.**
    
    For example, a defense might include a situation where CMS is pursuing recovery for a conditional payment for claims with a date of service prior to the termination date of ORM, but the no-fault insurer has exhausted the policy limit with payments directly to providers/suppliers.
  
  - **The amount of the debt.**
    
    This most often includes a defense that one or more specific claims are not related to the settlement, judgment, award, or other payment.

  **Note: CMS is not required to establish "causation". Demonstration of primary payment responsibility through, for example, a settlement is sufficient whether or not there has been a determination or admission of liability.**

9

# What is <u>not</u> subject to appeal?

- Appeal requests for issues not subject to appeal will be dismissed.
- Issues not subject to appeal include:
  - CMS' decision regarding who/what entity to pursue for recovery; that is, who is the identified debtor.
    - Statements that the applicable plan has already paid the beneficiary or another party are not valid defenses.
  - The fact that the only party is the applicable plan.
  - 42 USC 1395gg (Section 1870 of the Social Security Act) Waiver of Recovery.  Applicable plans may be aware that demand letters to beneficiaries state that the beneficiary may request a waiver of recovery if he/she believes certain criteria are met.  These waiver of recovery provisions do not apply to MSP recovery claims where the applicable plan is the identified debtor.
  - The pro rata reduction for attorney fees and other costs is not applicable to demands issued to applicable plans as the identified debtor.

10

# Proof of Representation

- Proof of representation pursuant to 42 CFR 405.910 includes:
    - Appointment in writing
    - Acceptance of the appointment in writing
    - Purpose of the appointment
    - Appointment must be current – appointment must have been made and accepted within one year of receipt of documentation by CMS's contractor for the potential debt/identified debt at issue. Exception – documentation of a current contract for representation that includes the potential debt/identified debt at issue.

- Proper proof of representation must be submitted in writing prior to or with a request for appeal in order for an attorney, agent or other entity to file an appeal on behalf of an applicable plan (challenge a recovery demand letter) or act on behalf of an applicable plan with respect to an appeal that has been requested.

11

# Proof of Representation
**(Continued)**

- **Appeal requests without proper proof of representation will be dismissed.**
    - **Proper proof of representation may be submitted with a request to vacate the dismissal, but the better course of action is to make sure that proper proof of representation has been submitted when requesting a redetermination.**
- **Separate proof of representation is required even where an applicable plan may have identified an agent for recovery correspondence as part of the Medicare, Medicaid & SCHIP Extension Act of 2007 Section 111 reporting process.**

12

# Tip # 1

- **Pay attention to correspondence and have a process in place to review it and act promptly.**
    - **Example: Failure to respond to correspondence prior to the demand issued to you as the identified debtor will lock you in as the identified debtor.**
    - **Example: Once a recovery demand letter is received, definite time limits exist for payment, filing an appeal, assessment of interest, etc.**

13

# Tip # 2

- **Plan ahead and know your process for submitting proof of representation once a recovery demand letter is received.**

- **Have a process to routinely submit updated proof of representation.**
  - **For example, an applicable plan may work with an agent over many years. Applicable plans and their agents need to avoid relying on old copies of authorization documents.**

- **Be sure to submit a cover letter or other information to link your proof of representation to a particular case/recovery demand. That is, do not submit proof of representation with respect to a particular insurer or workers' compensation entity without information that will allow CMS' contactor to link that document to the correct case for that insurer or workers' compensation entity.**

14

# Tip # 3

- **Use appropriate terms:**
  - **There are no appeal rights until there is an initial determination (the recovery demand letter issued to the applicable plan) – <u>do not</u> use the word "appeal" if you are disputing or challenging conditional payment amounts included in conditional payment letters or notices that precede the demand letter.**
  - **If challenging a recovery demand letter and requesting a first level appeal, <u>do</u> specifically use the word "appeal" or specify you are requesting a "redetermination".**
    - *Use of inappropriate terms may cause a delay in processing your request and may result in inappropriate dismissals.*

15

# Tip # 4

o **Be specific about your appeal request and the underlying issue.**

- **If you are challenging the existence of the debt, specify the basis for your challenge and any relevant citations (copies of the cited materials are helpful).**

- **If you are challenging the amount of the debt because you believe that certain claims are unrelated to the settlement, judgment, award or other payment (including responsibility for ORM):**
  - **Explain why and document why a particular claim is not related.**
  - **Additionally, you may be requested to furnish a copy of the claim to the insurer/workers' compensation entity, the complaint, the settlement etc. to establish what was claimed, released or released in effect, particularly if the demand is not based upon assumption of ORM.**
  - **A payment ledgers may be requested establishing payment directly to providers/suppliers if you are challenging the amount of the debt based upon exhaustion of the policy limit.**

16

# Tip # 5

- **Interest accrues from the date of the demand letter and is assessed for each 30 day period for which the debt remains unresolved.**
  - **Interest continues to accrue and it is assessed, while a debt is under appeal.**
  - **Interest is recalculated and refunded if the appellant is successful on appeal.**

*If you are only challenging part of the demand, consider payment of the amount you aren't challenging. Then, interest will only accrue (and be assessed) on the amount being challenged.*

17

# References

- **Appeal regulations for claim-based appeals, including denials and MSP recovery claims: Subpart I of 42 CFR Part 405. See the 405.900's and following.**

- **Final Rule for applicable plan appeals: 80 FR 10611, February 27, 2015.**

- **"APPEAL RIGHTS FOR APPLICBLE PLANS": April 22, 2015 outreach document for insurers and workers' compensation entities, available on Insurer Services section of cms.gov. Check the "What's New" tab at http://go.cms.gov/insurer.**

- **"Appeals Process for Insurers and Workers' Compensation Entities and Required Notice to Medicare Beneficiaries": April 23, 2015 outreach document for Medicare beneficiaries on the Beneficiary Services section of cms.gov. This document includes an example of the beneficiary notice required by 42 CFR 405.947. Check the "What's New" tab at http://go.cms.gov/beneficiary.**

18

# END

*We hope this has been of assistance.*

*Thank you for your attention.*

