**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY, LLC, a Florida entity; MSPA CLAIMS 1, LLC, a Florida entity, | * |
| | * |
| Plaintiffs, | * Civil Action No.: 8:17-cv-00964-PWG |
| | * Class Action Complaint |
| vs. | * |
| Government Employees Insurance Company (GEICO), a Maryland Company, and its affiliates, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Government Employees Insurance Company "GEICO" by its undersigned counsel, hereby files an Answer to Plaintiffs' First Amended Complaint, and states:

1.  Defendant denies the allegations in paragraph 1.

2.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies the same.

3.  The allegations in paragraph 3 that Defendant was responsible for paying unidentified expenses relating to unidentified injuries suffered by unidentified Medicare beneficiaries, and that the Defendant's responsibility was demonstrated by settlements, are legal conclusions for which no response is required.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that "[e]ach Medicare beneficiary suffered injuries related to an accident" and therefore denies the same.

4.     The allegation in paragraph 4 that certain medical expenses should have been paid by Defendant "in the first instance" under the Medicare Act is a legal conclusion for which no response is required.

5.     Defendant admits that Plaintiffs filed this action on behalf of themselves and all other similarly situated Class Members under the theories stated, but denies that Plaintiffs are entitled to the relief sought.

## JURISDICTION AND VENUE

6.     Defendant admits diversity but denies the amount in controversy exceeds $5,000,000.00.

7.     The allegations in paragraph 7 constitute legal contentions and/or conclusions for which no response is required.

8.     Defendant admits the allegations in paragraph 8.

9.     Defendant admits the allegations in paragraph 9.

## BACKGROUND

**I.     The Medicare Act**

10.    The allegations in paragraph 10 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

11.    The allegations in paragraph 11 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

## II.     Medicare Secondary Payer Laws

12.     The allegations in paragraph 12 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

13.     The allegations in paragraph 13 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

14.     The allegations in paragraph 14 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

15.     The allegations in paragraph 15 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

16.     The allegations in paragraph 16 constitute legal contentions and/or conclusion for which no response is required.  Defendant states that the Federal statute and regulation referenced in this paragraph speak for themselves and respectfully refers the Court to such statute and regulation for a complete and accurate statement of their content.

17.     The allegation in paragraph 17 that unidentified settlements triggered Defendant's obligation to make primary payment for unidentified medical items and/or services is a legal

contention and/or conclusion for which no response is required.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations and therefore denies the same.

### III.   Medicare Part C Program

18.    The allegations in paragraph 18 constitute legal contentions and/or conclusions for which no response is required.   Defendant states that the Federal statute and article referenced in this paragraph speak for themselves and respectfully refers the Court to such statute and article for a complete and accurate statement of their content.

19.    The allegations in paragraph 19 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute and report referenced in this paragraph speak for themselves and respectfully refers the Court to such statute and report for a complete and accurate statement of their content.

20.    The allegations in paragraph 20 constitute legal contentions and/or conclusions for which no response is required.

21.    The allegations in paragraph 21 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal regulations referenced in this paragraph speak for themselves and respectfully refers the Court to such regulations for a complete and accurate statement of their content.

22.    The allegations in paragraph 22 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

23.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies the same.

25.     The allegations in paragraph 25 constitute legal contentions and/or conclusions for which no response is required.  Defendant denies the allegations to the extent they purport to state that Medicare Advantage Organizations ("MAOs") have the same rights as Medicare under the Medicare Secondary Payer Act.  Defendant states that the Federal regulation referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

26.     The allegations in paragraph 26 constitute legal contentions and/or conclusions for which no response is required.  Defendant denies that MAOs have the same rights as Medicare under the Medicare Secondary Payer Act.  Defendant states that the Federal report referenced speaks for itself and respectfully refers the Court to such report for a complete and accurate statement of its content.

27.     The allegations in paragraph 27 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

28.     The allegations in paragraph 27 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

29.     The allegations in paragraph 29 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

30.     The allegations in paragraph 30 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal regulation referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

31.     The allegations in paragraph 31 constitute legal contentions and/or conclusions for which no response is required.

32.     The allegations in paragraph 32 constitute legal contentions and/or conclusion for which no response is required.

33.     The allegations in paragraph 33 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

34.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies the same.

**IV.    Primary Payer Reporting Requirements**

35.     The allegations in paragraph 35 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such regulation for a complete and accurate statement of its content.

36.     The allegations in paragraph 36 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute, regulation and NGHP User Guide referenced in this paragraph speak for themselves and respectfully refers the Court to such statute, regulation and User Guide for a complete and accurate statement of their content.

37.     The allegations in paragraph 37 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the NGHP User Guide referenced in this paragraph speaks for itself and respectfully refers the Court to such User Guide for a complete and accurate statement of its content.

38.     The allegations in paragraph 38 constitute legal contentions and/or conclusions for which no response is required.  To the extent this paragraph contains factual allegations, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

39.     The allegations in paragraph 39 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

40.     The allegations in paragraph 40 constitute legal contentions and/or conclusions for which no response is required.

**PARTIES**

41.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore denies the same.

43.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore denies the same.

44.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies the same.

45.     Defendant admits the allegations with respect to Government Employees Insurance Company but objects to providing responses regarding other entities which are not parties to this matter. *See* Mem. Op. & Order, Doc. 43, n.1.

46.     As phrased, the allegation sets forth a legal conclusion for which no response is required.  Defendant, however, admits that diversity jurisdiction exists.

## REPRESENTATIVE FACTS

47.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore denies the same.

48.     The allegations in paragraph 48 constitute a legal contentions and/or conclusions for which no response is required. To the extent paragraph 48 asserts factual allegations, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

49.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore denies the same.

50.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore denies the same.

51.     Defendant denies the allegations in paragraph 51 that it has a practice and course of conduct of not properly paying and/or failing to reimburse the secondary payer.  With respect to the remaining allegations in paragraph 51, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

52.     The allegations in paragraph 52 constitute legal contentions and/or conclusions for which no response is required.

53.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and therefore denies the same.

54.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations that it did not challenge the MAOs' payment of medical expenses and therefore denies the same.  Defendant denies the allegations in paragraph 54 that it engages in a course of conduct to not properly reimburse MAOs.  The remaining allegations constitute legal contentions and/or conclusions for which no response is required.

## CLASS DEFINITION

55.     Defendant denies that this action may be maintained as a class action pursuant to Fed R. Civ. P. 23 and denies that the proposed class definition in paragraph 57 adequately defines a putative class capable of certification.

## COUNT I

### Private Causes of Action Under 42 U.S.C. §1395y(b)(3)(A)

58.     Defendant incorporates by reference its responses to paragraphs 1-54.

59.     Defendant admits that Plaintiffs purport to assert a cause of action in paragraph 59 under 42 U.S.C. § 1395y(b)(3)(A), but denies that such cause of action is properly asserted in this action.  Defendant states that the Federal statute referenced in this paragraph speaks for itself

and respectfully refers the Court to such statute for a complete and accurate statement of its content.

60.     The allegations in paragraph 60 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.

61.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore denies the same.

62.     The allegations in paragraph 62 constitute legal contentions and/or conclusions for which no response is required.  To the extent paragraph 62 contains factual allegations, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.  Moreover, the determination of Defendant's status as a primary payer must be determined in each case.

63.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and therefore denies the same.

64.     The allegations in paragraph 64 constitute a legal contention and/or conclusion for which no response is required.

65.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore denies the same.

66.     The allegations in paragraph 66 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Medicare Secondary Payer ("MSP") provisions referenced in this paragraph speak for themselves and respectfully refers the Court to the MSP provisions for a complete and accurate statement of their content.

67.     Defendant's responsibilities under the MSP provisions, and whether those responsibilities have been met, is a legal conclusion for which no response is required.  To the extent paragraph 67 asserts factual allegations, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

68.     Defendant denies that it is has placed the burden of financing medical treatments for its policy holders upon the shoulders of MAOs.  The allegation in paragraph 68 that the Defendant avoided paying for medical expenses it was obligated to pay is a legal contention and/or conclusion for which no responses is required.

69.     The allegations in paragraph 69 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that the Federal statute referenced in this paragraph speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its content.  To the extent that a response is required, the Defendant denies the allegations in paragraph 69 and further denies that Plaintiffs are entitled to the requested relief.

## CLASS ALLEGATIONS

### I.     National Damages and Injunctive Relief Classes

70.     Defendant denies that Plaintiffs' claims are suitable for handling as a class action, let alone a national class action, under Fed. R. Civ. P. 23.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies the same.

71.     The allegations in paragraph 71 state legal contentions and/or conclusions for which no response is required.  Defendant further denies that Plaintiffs' claims are suitable for handling as a class action, let alone a national class action, under Fed. R. Civ. P. 23.  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant failed to provide primary payment and/or appropriately reimburse the Class Members and therefore denies the same.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 72 that Class Members have paid for medical costs Defendant is obligated to pay and therefore denies the same.  The remaining allegations in paragraph 72 constitute legal contentions and/or conclusions for which no response is required.

73(a).   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 73(a) and therefore denies the same.

73(b).   Defendant denies the allegations in paragraph 73(b).

73(c).   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 73(c) and therefore denies the same.

73(d).   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 73(d) and therefore denies the same.

74.     Defendant denies that this matter is suitable for class certification under Fed. R. Civ. P. 23(b)(3).  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 74 that Defendant failed to make required payments under the MSP provisions and failed to reimburse Class Members and those organizations that assigned their recovery rights to Plaintiffs and therefore denies the same.  The remaining allegations in paragraph 74 constitute legal contentions and/or conclusions for which no response is required.

75.      Defendant denies that handling this matter as a Fed. R. Civ. P. 23(b)(3) national damages class action is superior to other methods for the fair and efficient adjudication of this

controversy.  The remaining allegations in paragraph 75 constitute legal contentions and/or conclusions for which no response is required.

76.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 concerning Plaintiffs' ability to distill certain information from information in Defendants' possession and therefore denies the same. Defendant denies the allegations that administering the proposed National Damages Class will be "relatively simple."   The remaining allegations in paragraph 76 constitute legal contentions and/or conclusions for which no response is required.

77.     Defendant denies the allegation in paragraph 77 that this matter is appropriate for handling as a Fed R. Civ. P. 23(b)(2) injunctive relief class.

## II.     National Issues Class

78.     Defendant denies the allegation in paragraph 78 that this matter is appropriate for handling as a national issues class.

79.     The allegations in paragraph 79 constitute legal contentions and/or conclusions for which no response is required.  Defendant states that Fed. R. Civ. P. 23(c)(4) speaks for itself and respectfully refers the Court to such Rule for a complete and accurate statement of its content.

80.     Defendant denies the allegation that the issues proposed in paragraph 80 are suitable for handling as a Fed. R. Civ. P. 23(c)(4) class.

81.     The allegations in paragraph 81 constitute legal contentions and/or conclusions for which no response is required.

82(a).  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 82(a) and therefore denies the same.

13

82(b).  Defendant denies the allegations in paragraph 82(b).

82(c).  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 82(c) and therefore denies the same.

82(d).  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 82(d) and therefore denies the same.

83.     Defendant denies that handling this matter as a Fed. R. Civ. P. 23(b)(3) Issue Class Action is superior to other methods for fair and efficient adjudication of this controversy. The remaining allegations in paragraph 83 constitute contentions and/or conclusions for which no response is required.

*       *       *

Defendant denies all remaining allegations not specifically admitted herein.  Defendant further denies that Plaintiffs are entitled to any of the relief requested from Defendant, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs lack standing to raise the claims in the First Amended Complaint because they cannot demonstrate any injury in fact.  Merely because an MAO made a payment that was not reimbursed by GEICO does not mean that GEICO had an obligation under the MSP statute to reimburse Plaintiffs and/or their purported assignors.

2.      Plaintiffs lack standing to raise the claims in the First Amended Complaint because they cannot demonstrate any injury traceable to any allegedly violative conduct of Defendant. *See* Affirmative Defense No. 1, *supra.*

3.      Plaintiffs' claims and requests for relief are barred in whole or in part due to a lack of standing because the assignment agreements that allegedly confer Plaintiffs with standing

14

to raise the claims in the First Amended Complaint are not full and complete transfers of all the interests, rights, and/or ownership of the legal rights and causes of action raised, are deficient on their face, were not approved as required, were terminated, were reassigned, have expired, are in the nature of contingency-based, receivables collections agreements, are void as against public policy, or are otherwise not effective and enforceable.  Plaintiffs also assert a private cause of action for double damages under 42 U.S.C. § 1395y(b)(3)(A).   Statutory penalties such as the double damages cause of action provided in 42 U.S.C. § 1395y(b)(3)(A) are not assignable.  *See DHM Joint Venture v. Hahner*, 80 Md. App. 257 (1989).

4.     Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs lacked or have not maintained their standing throughout the entire duration of this lawsuit.  It is well-settled that a plaintiff's standing must exist at the commencement of the litigation, and must continue through its existence.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992); *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013).

5.     Plaintiffs' claims and requests for relief are barred in whole or in part to the extent that insurance benefits under the applicable policy of Defendant were exhausted.  Plaintiffs may not recover amounts from the Defendant in excess of the Defendant's responsibility under state law or its contract with its insureds.  *See Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 865 (5th Cir. 2013), *cert denied*, 134 S.Ct. 436 (2013).  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

6.     Plaintiffs' claims and requests for relief are barred in whole or in part to the extent that the alleged medical bills at issue already were paid by Defendant or other person or entity.

To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

7.      Plaintiffs' claims and requests for relief are subject to setoff.  Plaintiffs are barred from recovery to the extent they have received or are currently seeking reimbursement and/or double damages from another potential primary payer for the same accident (i.e., workers' compensation, liability insurance, no-fault insurance or a group health plan ("GHP")), or is seeking or has received reimbursement directly from the MAO enrollees/insureds at issue.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

8.      Plaintiffs' claims and requests for relief are barred in whole or in part to the extent that Defendant was not timely provided, or was never provided, with notice of the alleged medical bills or payments at issue, and/or notice of primary payment responsibility under 42 C.F.R. § 411.25 and/or other statutes, regulations and/or portions of the Medicare Secondary Payer Act.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

9.      Plaintiffs and class members do not have a private cause of action for double damages under 42 U.S.C. § 1395y(b)(3)(A) against Defendant.  Defendant did not fail "to provide for primary payment (or appropriate reimbursement) in accordance with … [42 U.S.C. § 1395y(b)(2)(A)]," as is necessary to impose liability upon Defendant under 42 U.S.C. § 1395y(b)(3)(A).  A violation of 42 U.S.C. § 1395y(b)(2)(A) may only occur where Medicare issues a conditional payment from the Medicare Trust Funds.  Plaintiffs' MAO-assignors are not Medicare, and do not make payments from the Medicare Trust Funds.  Congress addresses MAOs' reimbursement rights separately in the MAO statute, which expressly authorizes MAOs

16

to charge primary plans "under circumstances in which payment . . . is made secondary pursuant to section 1395y(b)(2)." 42 U.S.C. §1395w-22(a)(4). Thus, MAOs may charge primary plans in accordance with § 1395w-22(a)(4), but cannot seek reimbursement for conditional payments through § 1395y(b)(3)(A).

10.    Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs cannot demonstrate that Defendant "failed" to comply with its legal obligations under 42 U.S.C. § 1395y(b)(3)(A). Section § 1395y(b)(3)(A) provides a private cause of action for double damages "in the case of a primary plan which *fails* to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." (emphasis added). A primary plan must *fail* to provide reimbursement in order to afford an MAO the right to pursue double damages. This "failure" connotes the active dereliction of a duty. To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

11.    Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs, their assignors and/or class members cannot "demonstrate[] that [Defendant] has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii); *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006) ("Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the relevant provisions.").

12.    Defendant is not subject to liability under 42 U.S.C. § 1395y(b)(3)(A). Liability under the statute only lies against a primary payer "which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." Paragraph 1 (42

U.S.C. § 1395y(b)(1)) generally precludes group health plans ("GHP") from denying benefits to a person on the basis that they are entitled to Medicare benefits.   Defendant is not a GHP.  As a result, 42 U.S.C. § 1395y(b)(1) does not apply to Defendant.  Accordingly, Defendant cannot "fail to provide for primary payment (or appropriate reimbursement) in accordance with" 42 U.S.C. § 1395y(b)(1), and therefore cannot be held liable under  42 U.S.C. § 1395y(b)(3)(A).

13.     Plaintiffs' claims and requests for relief are barred in whole or in part to the extent that Plaintiffs, their assignors and/or class members are either not "entities designated to receive payment" under 42 C.F.R. § 411.22(c)(1), or Plaintiffs failed to serve proper "recovery demand letters" under 42 C.F.R. § 411.22(c)(2).  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

14.     Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs' MAO-assignors failed to comply with the mandatory provisions of 42 C.F.R. § 422.108(b) which  requires MAOs to (1) "[i]dentify payers that are primary to Medicare under section 1862(b) of the Act and part 411 of this chapter; (2) [i]dentify the amounts payable by those payers; and (3) [c]oordinate its benefits to Medicare enrollees with the benefits of the primary payers[.]"  The regulation is incorporated into Plaintiffs' MAO-assignors' contracts with Center for Medicare and Medicaid Services.  *See* 42 C.F.R. § 422.504(a). To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

15.     Plaintiffs' claims and requests for relief are barred in whole or in part because the charges billed are excessive, billed more than once for the same alleged medical treatment, billed for services not actually rendered, or included unrelated charges bundled with covered charges. When an MAO pays for services unrelated to an injury, the MAO is not entitled to

reimbursement.  Whether services are related is a determination that can only be made on a case-by-case basis.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

16.     Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs have failed to comply with 42 C.F.R. § 411.24(f)(2) which precludes recovery of any "payment for particular services in the face of a claims filing requirement unless it has filed a claim for recovery by the end of the year following the year in which the Medicare intermediary or carrier that paid the claim has notice that the third party is a primary plan to Medicare for those particular services."  Accordingly, even if claims for the subject medical services were not extinguished by payment, any claim asserted by Plaintiffs would be untimely because Plaintiffs' MAO-assignors were on actual or constructive notice of the primary insurance coverage by such date that the time to make a claim expired prior to Plaintiffs' assertion of a claim against Defendant.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

17.     The claims of some or all of Plaintiffs are barred by the applicable statute of limitations identified in 42 U.S.C. § 1395y(b)(2)(B)(iii) because the class definition fails to provide a class period, and therefore includes all claims for conditional payments made subsequent to the enactment of the Medicare Secondary Payer Act. To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

18.     The claims of some or all Plaintiffs are below the minimum threshold that would subject Defendant to the reporting and repayment requirements of the Medicare Secondary Payer Act.  *See* 42 U.S.C. § 1395y(b)(2)(B)(ii); 42 U.S.C. § 1395y(b)(9).  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

19.     The claims of some or all Plaintiffs and the purported class members are barred by the doctrine of accord and satisfaction.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

20.     The amounts paid by Plaintiffs or putative class members are not reimbursable to the extent any medical items or services paid under the Medicare Advantage plan were not for causally related reasonable expenses and necessary treatment from a covered accident and/or were beyond the scope of the MAO enrollees' claims against Defendant's insureds.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

21.     Plaintiffs are barred from recovery because the responsibility of a primary payer may only be triggered if Medicare (or the MAO) is not reimbursed as required by 42 C.F.R. § 411.24(h).  *See* 42 C.F.R. § 411.24(i).  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

22.     Plaintiffs are barred from recovery because a primary payer cannot be held liable unless the payer "is, or should be, aware that Medicare has made a conditional primary payment."  42 C.F.R, § 411.24(i)(2).  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

23.     Plaintiffs' claims and requests for relief are barred in whole or in part to the extent that the payments for which recovery is sought are not "conditional payments."  The Medicare Secondary Payer Act prohibits Plaintiffs' MAO-assignors from making conditional payments unless payment from the Defendant has not been made or can reasonably be expected to be made promptly.  *See* 42 U.S.C. § 1395w-22(a)(4); 42 U.S.C. § 1395y(b)(2)(B)(i).  To the extent that any payment by Plaintiffs MAO-assignors was made without regard to whether the Defendant

20

had already made, or could reasonably be expected to make payment promptly, such payment is not "conditional" and therefore not subject to reimbursement.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

24.     To the extent that Plaintiffs seek to include entities other than MAOs in the putative class, such as medical service organizations, providers, or managers, those entities lack standing to raise a claim under the Medicare Secondary Payer Act.

25.     Plaintiffs' claims and requests for relief are barred in whole or part to the extent that their causes of action or claims have already been determined in other judicial or administrative proceeding and are subject to the doctrine as *res judicata*, claim preclusion, collateral estoppel or issue preclusion.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

26.     Plaintiffs' claims and requests for relief are barred in whole or part by the doctrine of laches to the extent that Plaintiffs' delay in filing the action caused prejudice to Defendant's ability to defend the action.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

27.     Plaintiffs' claims and requests for relief are barred in whole or part by the doctrine of release to the extent that Plaintiffs and/or their assignors have entered into agreements in which they have released their claims.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

28.     Plaintiffs' claims and requests for relief are barred in whole or part by the doctrine of waiver to the extent that Plaintiffs and/or their assignors have waived their claims.  To the extent the claims of the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

29.     Plaintiffs' are unable to prosecute this case as a class action because Plaintiffs are unable to demonstrate that they can satisfy the requirements of Fed. R. Civ. P. 23: (a) Plaintiffs cannot maintain a class action against Defendant because the putative class is not adequately defined or clearly ascertainable and because the putative class is an impermissible fail-safe class; (b) Plaintiffs cannot maintain a class action against Defendant because Plaintiffs cannot establish the prerequisites of numerosity, commonality, typicality and adequacy of representation and class counsel as required by Fed. R. Civ. P. 23(a); (c) Plaintiffs cannot maintain a class action against Defendant because there is a conflict of interest between Plaintiffs, class members, and class counsel; (d) under Fed. R. Civ. P. 23(b)(3) and (c)(4) questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy. The crux of Plaintiffs' claim is that under certain provisions of the MSP statute, Defendant allegedly failed to reimburse Plaintiffs' assignors for "conditional payments."  Under Plaintiffs' theory of liability, an individual analysis would be required with respect to potentially thousands of allegedly conditional medical payments made by MAOs for which they seek reimbursement from Defendant, rendering this matter unsuitable for class action treatment under Fed. R. Civ. P. 23(b)(3).  Not only does this matter present highly individualized issues inherent in claims hinging upon personal injury settlements, it also involves the additional interplay of the Medicare Act, dramatically compounding the myriad of individual issues that must be addressed.  While Plaintiffs' claims in this matter involve settlement of a claim by a liability insurer, the interplay with group health, worker's compensation and no-fault plans is necessarily implicated in virtually every case as more than one insurer may be liable for an individual's medical costs. Thus, individual issues predominate and prosecution of this case as a class action is not a

superior or manageable method for the fair and efficient adjudication of this action; (e) under

Fed. R. Civ. P. 23(b)(2), a class may only be certified under Fed. R. Civ. P. 23(b)(2) if the

predominant relief sought is injunctive or declaratory, as opposed to monetary.  Plaintiffs' claim

for injunctive relief is ancillary to the primary relief sought (money damages).

30.     Plaintiffs fail to identify or join necessary parties including other potential

primary payers such as group health plans, workers' compensation insurers, no-fault insurers, or

other liability or uninsured/underinsured insurers to the extent those primary payers are

responsible for the reimbursement of alleged conditional payments.  To the extent the claims of

the putative class suffer from the same deficiency or deficiencies, they are similarly barred.

*       *       *

Documentation of the representative claims and/or assignments have not been produced

as of the filing of Defendant's Answer.  Accordingly, Defendant expressly reserves the right to

amend these affirmative defenses and/or raise additional affirmative defenses as they become

known during the course of investigation and/or as discovery continues.

**WHEREFORE**, Defendant, Government Employees Insurance Company, respectfully requests that this Court (1) dismiss the First Amended Complaint with prejudice; (2) enter judgment in Defendant's favor; and (3) for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| */s/  George M. Church* | */s/ Peter D. Weinstein* |
| George M. Church (Fed. Bar No. 00133) | Peter D. Weinstein (Fed. Bar No. 913502) |
| Laura A. Cellucci (Fed. Bar No. 25119) | COLE, SCOTT & KISSANE, P.A. |
| Joshua F. Kahn (Fed. Bar. No. 18238) | Lakeside Office Center, Suite 500 |
| MILES & STOCKBRIDGE P.C. | 600 N. Pine Island Road |
| 100 Light Street | Plantation, Florida  33324 |
| Baltimore, Maryland 21202 | Tel: (954) 343-3951 |
| Tel: (410) 727-6464 | peter.weinstein@csklegal.com |
| gchurch@milesstockbridge.com | Admitted *Pro Hac Vice* |
| lcellucci@milesstockbridge.com | |
| jkahn@milesstockridge.com | |

*Attorneys for Defendant*
*Government Employees Insurance Company*

24